UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAUTHAR MUHAMMAD,

              Plaintiff,

      v.

JOANNE B. BARNHART,
Commissioner of Social Security,

              Defendant.

Case No.  C05-5017FDB

REPORT AND
RECOMMENDATION

Noted for February 24, 2006

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been briefed by the parties.  The undersigned now submits the following report, recommending that the Court affirm the administrative decision.

## INTRODUCTION

Plaintiff, Kauthar Muhammad, was born in 1981, and thus, considered a younger individual. She obtained a GED, and with the help of a grandmother, she is raising two children.  Plaintiff has past work experience as a dishwasher and as a dining room attendant at Old Country Buffet, where she last worked from September to December, 2000.

Plaintiff states she suffers from the following medical conditions: severe osteochondritis of the pelvic bone, HIV, obsessive-compulsive disorder,  migraine headaches effecting severe sleep disturbance, conjunctival hemorrhage, and depression.  She states she has been unable to work, that she has been

disabled, since approximately March 2001.

Plaintiff protectively filed an application for Supplemental Security Income (SSI) on June 13, 2002, alleging an onset date of March 2001(Tr. 14, 74-77). Plaintiff filed a previous application, alleging an onset date of February 20, 2001 (Tr. 69-72). That application was denied on June 26, 2001; Plaintiff did not seek further review of that determination (Tr. 14). However, since the new application was filed within 12 months of that determination, the earlier application was reopened and considered with the current application (Tr. 14-15, 20, Finding 1).  Plaintiff's application was denied initially (Tr. 34-37, 38-41), and upon reconsideration (Tr. 44-46). Plaintiff then requested a hearing before an ALJ (Tr. 47), which was held on February 10, 2004 (Tr. 14, 296-349).  The ALJ issued a decision on August 28, 2004, denying Plaintiff's application (Tr. 14-21). The Appeals Council denied Plaintiff's request for review (Tr. 6-8), making the ALJ's decision the final Agency decision. 20 C.F.R. §§ 416.1481, 422.210.

Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's application for benefits. She specifically alleges the following three errors:

1. The Commissioner Erred As a Matter of Law in Failing to Attach a Psychiatric Review Technique Form to the Hearing Decision.

2. The ALJ'S Credibility Analysis Fell Short of Ninth Circuit Standards When He Found Ms. Muhammad Was a Malingerer; He Placed Disproportionate Importance on the Findings of Wil Nelp, M.D.

3. The Secretary Erred As a Matter of Law in Finding that Ms. Muhammad 's Exertional Capacity Was Not Compromised By Her Non-Exertional Limitations, i.e., She Had the RFC to Return to Work; Dr. Melson Stated That She Can Not Return to Any Employment.

## DISCUSSION

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla

1   but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9ᵗʰ Cir. 1975); Carr v.

2   Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational

3   interpretation, this Court must uphold the Commissioner's decision.  Allen v. Heckler, 749 F.2d 577, 579

4   (9ᵗʰ Cir. 1984).

5   **A.    *THE ALJ PROPERLY EVALUATED MS. MUHAMMAD'S CREDIBILITY***

6           Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority

7   on evaluating plaintiff's subjective complaints.   Bunnell requires the ALJ findings to be properly supported

8   by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator

9   rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's

10  testimony regarding pain.'"  Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215

11  (11th Cir. 1991)).   In the absence of evidence of malingering, the ALJ is required to provide clear and

12  convincing reasons to reject a claimant's testimony, once the claimant has shown that he has an objective

13  medical impairment that could reasonably be expected to produce some pain. *See* Smolen v. Chater, 80

14  F.3d 1273, 1281-1282 (9th Cir. 1996) (*quoting* Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986)).

15  Questions of credibility are solely within the control of the ALJ.  Sample v. Schweiker, 694 F.2d 639, 642

16  (9th Cir.1982). The district court should not attempt to "second-guess" this credibility determination.

17  Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984).  Most importantly, the district court may not reverse a

18  credibility determination where the determination is based on contradictory or ambiguous evidence.  Id. at

19  579.

20          Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible.

21  After reviewing the ALJ's decision and the administrative record, the court finds that the ALJ properly

22  found evidence of malingering and properly weighed plaintiff's credibility.

23          After reviewing all the medical evidence and plaintiff's allegations, the ALJ concluded, "The

24  claimant's statements concerning her impairments and their impact on her ability to work are not entirely

25  credible in light of information contained in the medical reports and other evidence of record."   In the

26  body of his opinion, the ALJ explained that Dr. Washburn, a psychologist who performed a consultative

27  exam in April 2004, indicated that Ms. Muhammad was malingering and not putting forth her best effort by

28  exaggerating or feigning a poor memory.  The ALJ stated, "That testing, of course, showed that the

claimant was not credible and reliable.  There is no evidence of OCD, and other impairments other than malingering are very suspect."  (Tr. 17)   Accordingly, many medical opinions, based primarily on plaintiff's subjective reports, were likewise not found entirely credible by the ALJ.  Nevertheless,  the ALJ deferred to the evaluation of Dr. Kuhner when he evaluated plaintiff's residual functional capacity despite commenting that, like other medical reports, Dr. Kuhner's opinion was based on plaintiff's subjective reports and suspect.

In sum, the ALJ properly discredited plaintiff's allegations of pain and limitations equating to total disability.

### B.   THE ALJ PROPERLY EVALUATED THE MEDICAL EVIDENCE

When an ALJ reviews an application for benefits he or she must fairly develop the record and follow a five-step process.  Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A) (1992).  The ALJ is responsible for resolving conflicts and ambiguities in the medical testimony.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, the ALJ properly evaluated conflicting medical evidence by summarizing it in detail and, then, in light of the entire record,  interpreting the medical evidence as a whole.  With regard to HIV, the ALJ noted that Plaintiff had a history of HIV (human immunodeficiency viral

disease) since childhood;  however, examinations have shown no significant

symptoms. The ALJ specifically noted that Dr. Nelp, a medical expert, testified that Plaintiff "had a low

viral load and CD4 count, and that her physical impairments were not related to AIDS [autoimmune

deficiency disease]" (Tr. 18, 301-302).  The ALJ properly concluded that Plaintiff's HIV condition was not

a severe impairment (Tr. 18).  The ALJ also noted that Dr. Nelp testified that Plaintiff "had positive testing

for hepatitis A and B, but her liver function studies were normal" (Tr. 18, 302). The ALJ properly

concluded that hepatitis A and B were not severe impairments (Tr. 18).   The ALJ also noted that Plaintiff

alleged pelvic pain was treated with medication (Tr. 18, 191, 274-276), and that Dr. Nelp testified that the

diagnosis of osteochondritis was given "for want of a better diagnostic term because they can't find

anything terribly objective, then it goes under the label of osteochondritis" (Tr. 18, 303).  Dr. Nelp testified

that Plaintiff had normal neurological and musculoskeletal examinations with good strength and that no

"objective abnormalities with the joints or with the nerves, or the muscles" could be found (Tr. 18,

302-304).

      With respect to her alleged mental impairments, the ALJ found that plaintiff had a dysthymic

disorder and an anxiety disorder and that these were severe impairments (Tr. 15, 20). The ALJ noted that

Dr. Zaragoza examined Plaintiff in May 2001 (Tr. 16, 142-145). The ALJ rejected Dr. Zaragoza's opinion

that Plaintiff could not complete a normal workday or workweek because it was not supported by the

results of her mental status examination (Tr. 16). Dr. Zaragoza noted that Plaintiff's memory and

concentration were good and that her thought processes were organized (Tr. 16, 143). Further,

the ALJ rejected Dr. Zaragoza's opinion because he relied on Plaintiff's subjective statements,

which the ALJ found not credible, as discussed above.  The ALJ noted that Dr. Melson performed a

consultative examination of Plaintiff in October 2002 (Tr. 17, 224-229). Dr. Melson opined that Plaintiff

was not capable of working on a consistent basis, even in a structured setting, and had significant difficulty

dealing with stress and interacting with others (Tr. 17, 229). The ALJ did not give Dr. Melson's opinion

substantial weight because "other testing...supports a finding of malingering, and Dr. Melson's

observations were based on exaggeration and feigning by the claimant" (Tr. 17).

      The ALJ relied on the state agency physicians, including Dr. Kuhner, as noted above, to conclude

that Plaintiff could perform simple and complex tasks, without significant disruption at sustaining a

schedule; should avoid public contact and work only with 1-3 co-workers; and that she could tolerate supervision (Tr. 19, 146-154).   The court finds no error on this reliance and the treatment of the other medical opinions of record by the ALJ.

C.   *THE ALJ IS NOT REQUIRED TO COMPLETE A PSYCHIATRIC REVIEW TECHNIQUE FORM TO EVALUATE PLAINTIFF'S RFC*

Plaintiff argues in his opening brief that the ALJ erred when she failed to include a Psychiatric Review Technique Form ("PRTF") with his written decision.  Significantly, the ALJ has no obligation to complete or append a PRTF to his or her decision. 20 C.F.R. §§ 416.920a, 416.928.  The medical evidence noted above regarding plaintiff's mental impairments was properly relied on by the ALJ.

D.   *PLAINTIFF FAILED TO MEET HER BURDEN OF PROVING AN INABILITY TO RETURN TO PAST RELEVANT WORK*

At step-four in the evaluation process, the ALJ must determine if an impairment(s) prevents the claimant from doing past relevant work.  If the ALJ finds that the claimant has not shown that he is incapable of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends at this point.  20 C.F.R. § 404.1520(e).  Plaintiff bears the burden to establish that he cannot perform his past work.  Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1356 (1996).

Here, the ALJ found plaintiff capable of returning to work as a dishwasher.  The ALJ's residual functional capacity assessment was consistent with his reliance on Dr. Kuhner, and thus properly supported by substantial evidence in the record.  Work as a dishwasher is consistent with this residual functional capacity, and thus, the court finds no error in the ALJ's conclusion that Ms. Muhammad is capable of working as a dishwasher.

## CONCLUSION

The ALJ's decision is supported by substantial evidence in the record.  Therefore, the Court should AFFIRM the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 24, 2006**, as noted in the

1 │ caption.

2 │       DATED this 31st day of January, 2006.

3 │                               */s/ J. Kelley Arnold*

4 │                               J. Kelley Arnold
                              U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 7